**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MERCURY SIGNS & DISPLAY, LTD. | § | BANKRUPTCY NO. 16-30906-H4-11 |
| | § | Chapter 11 |
| Debtor | § | |

## DEBTOR'S DISCLOSURE STATEMENT

I.      **INTRODUCTION**

This is the disclosure statement (the "Disclosure Statement") in the small business chapter 11 case of MERCURY SIGNS & DISPLAY, LTD. (the Debtor). This Disclosure Statement contains information about the Debtor and describes the Plan of Reorganization (the "Plan") filed by the Debtor.   A full copy of the Plan is attached to this Disclosure Statement as Exhibit "A".  ***Your rights may be affected.  You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.***

The proposed distributions under the Plan are discussed in this Disclosure Statement.

A.      **Purpose of This Document**

This Disclosure Statement describes:

- The Debtor and significant events during the bankruptcy case,
- How the Plan proposes to treat claims or equity interests of the type you hold (*i.e.*, what you will receive on your claim or equity interest if the plan is confirmed),
- Who can vote on or object to the Plan,
- What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,
- Why the Debtor believes the Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and
- The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement.  This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

B.      **Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement.  This section describes the procedures pursuant to which the Plan will or will not be confirmed.

      1.      *Time and Place of the Hearing to Finally Approve This Disclosure Statement and Confirm the Plan*

The hearing at which the Court will determine whether to finally approve this Disclosure Statement and confirm the Plan will take place on December 15, 2016 at 10:00 a.m., in Courtroom 600 at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

      2.      *Deadline for Voting to Accept or Reject the Plan*

If you are entitled to vote to accept or reject the plan, vote on the enclosed ballot and return the ballot by mail to counsel for the Debtor, Margaret M. McClure, Attorney at Law, 909 Fannin, Suite 3810, Houston, Texas 77010, by email to counsel, margaret@mmmcclurelaw.com, or by facsimile to counsel, (713) 658-0334.

Your ballot must be received by _____, 2016 or it will not be counted.

      3.      *Deadline for Objecting to the Adequacy of Disclosure and Confirmation of the Plan*

Objections to this Disclosure Statement or to the confirmation of the Plan must be filed with the Court and served upon the Debtor and its counsel by _____, 2016

      4.      *Identity of Person to Contact for More Information*

If you want additional information about the Plan, you should contact Margaret M. McClure, Attorney at Law, 909 Fannin, Suite 3810, Houston, Texas 77010.

C.      **Disclaimer**

*The Court has conditionally approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms.*

*The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted. The Court's approval of this Disclosure Statement is subject to final approval at the hearing on confirmation of the Plan. Objections to the adequacy of this Disclosure Statement may be filed until _____, 2016.*

## II.      BACKGROUND

### A.      Description and History of the Debtor's Business

See the Debtor's Business Plan, which is attached as Exhibit "B" for a discussion of the description and history of the Debtor's business.

### B.      Management of the Debtor before and During the Bankruptcy

The Debtor is a partnership and its partners are Travis Hoffart and Ted Hoffart.

During the two years prior to the date on which the bankruptcy petition was filed, the partners were the same as they are presently. After the effective date of the order confirming the Plan, they will remain the same.  Ms. Rubi Tiller, the general manager, may be invited to become a partnership shortly.

### C.      Events Leading to Chapter 11 Filing and Significant Events during the Bankruptcy Case

See the Debtor's Business Plan, which is attached as Exhibit "B" for a discussion of the events leading to the Chapter 11 filing and significant events during the bankruptcy case.

### D.      Absolute Priority Rule

The "absolute priority rule" is the rule that states that the holder of any claim or interest that is junior to the claims of an impaired unsecured class of creditors will not receive or retain under the plan on account of their junior claim or interest any property unless the allowed claims in the impaired unsecured class of creditors support the Plan.  This Plan is paying the unsecured class a percentage of their claims.  The Debtor believes that the unsecured class will support the plan and the absolute priority plan will not apply.

### E.      Projected Recovery of Avoidable Transfers and Lawsuits

The Debtor does not believe there are any preference actions or fraudulent transfer actions to pursue.

### F.      Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld.  The procedures for resolving disputed claims are set forth in the Plan.  If necessary, objections to claims will be filed within 60 days after the Effective Date of the Plan.

## III.     SUMMARY OF THE PLAN OF REORGANIZATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

A.      **What is the Purpose of the Plan of Reorganization?**

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive.  The Plan also states whether each class of claims or equity interests is impaired or unimpaired.  If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

B.      **Unclassified Claims**

Certain types of claims are automatically entitled to specific treatment under the Code.  They are not considered impaired, and holders of such claims do not vote on the Plan.  They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code.

1.      *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment.  The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a retainer in the amount of $25,000.00.  Ms. McClure is owed approximately $35,000.

**U.S. Trustee** – fees will stay current until this case is closed.

2.      *Priority Unsecured Tax Claims*

None

3.      *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code.  If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

(3)(a) – Ad valorem Property Taxes

**Spring Branch ISD** – This claim is $28,014.09.  It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11

U.S.C. 511.  The estimated monthly payment (even though the plan is a stair step plan) is $738.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Aldine ISD** – This claim is $2,276.10.  It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The estimated monthly payment (even though the plan is a stair step plan) is $60.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**City of Houston** – This claim is $10,978.09.  It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The estimated monthly payment (even though the plan is a stair step plan) is $244.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Harris County, et al.** – This claim is $27,022.72.  It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511.  The estimated monthly payment (even though the plan is a stair step plan) is $601.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Near Northwest Management District** – This claim is $358.92.  It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the

first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511.  The estimated monthly payment (even though the plan is a stair step plan) is $8.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

3(b) – Taxing Authorities

**Internal Revenue Service –** This claim is $307,052.39.  It is to be paid in full with 3% interest in 120 months, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. The estimated monthly payment (even though the plan is a stair step plan) is $2,965.00.

**Texas Comptroller of Public Accounts –** This claim is $13,814.46.  It is to be paid in full with 4% interest in 60 months from the petition date, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan.  The estimated monthly payment (even though the plan is a stair step plan) is $321.00.

**These claims are impaired**

      4.     *Priority Unsecured Claims*

Priority Unsecured Claims are not secured by property of the estate but are entitled to priority under § 507(a) of the Code.

**Internal Revenue Service –** This claim is $76,312.74.  It is to be paid in full with 3% interest in 120 months, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan.  The estimated monthly payment (even though the plan is a stair step plan) is $737.00.

**Texas Workforce Commission –** This claim is $2,529.44.  It is to be paid in full with 4% interest in 60 months from the petition date, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. The estimated monthly payment (even though the plan is a stair step plan) is $57.00.  Nothing in the Plan shall affect the Texas Comptroller of Public Accounts' setoff rights.  Those rights are preserved under § 553 of the Bankruptcy Code.

**These Claims are impaired**

      5.     *General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The General Unsecured Creditors will be paid 75% of their claims with no interest in monthly payments over 60 months with the first payment being due on the 15th day of the first month following 60 days after the Effective Date of the Plan.

6. *Insider Claims*

No insider will receive any distributions except their normal monthly salary. Messrs. Travis Hoffart and Ted Hoffart, who are the owners, will continue to receive their annual salary. Travis Hoffart receives $66,300.00 annually and Ted Hoffart receives $57,000.00 annually.

7. *Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a partnership, persons holding partnership interests in the partnership are equity interest holders. Messrs. Travis Hoffart and Ted Hoffart are the only equity interest holder in this case at this time.

A. **Means of Implementing the Plan**

1. *Source of Payments*

Payments and distributions under the Plan will be funded by ordinary business income. – As to a default under the plan, any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law. In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within thirty (30) days after service of a written notice of default from such creditor, then such creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

2. *Post-confirmation Management*

The Post-Confirmation Management of the Debtor will be the same as before and during the bankruptcy proceeding, except Ms. Tiller may also become a partner.

3. *Disbursing Agent*

The Reorganized Debtor will be the disbursing agent under the plan.

B. **Executory Contracts and Unexpired Leases**

The Plan lists all executory contracts and unexpired leases that the Debtor will assume under the Plan.  Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

***The Deadline for Filing a Proof of Claim Based on a Claim Arising from the Rejection of a Lease or Contract Is 60 days after the contract or lease is (or was by operation of law) rejected.***

Any claim based on the rejection of a contract or lease will be disallowed or discharged if the proof of claim is (or was) not timely filed, unless the Court orders otherwise.

C.    **Tax Consequences of Plan**

***Creditors Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, And/Or Advisors.***    The Debtor believes that there will be no tax consequences of the Plan that will impact the Debtor.

IV.    **CONFIRMATION REQUIREMENTS AND PROCEDURES**

To be confirmable, the Plan must meet the requirements listed in §§ 1129(a) or (b) of the Code. These include the requirements that:  the Plan must be proposed in good faith; at least one impaired class of claims must accept the plan, without counting votes of insiders; the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and the Plan must be feasible.  These requirements are <u>not</u> the only requirements listed in § 1129, and they are not the only requirements for confirmation.

A.    **Who May Vote or Object**

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.  Any insider's vote will not be counted.

Many parties in interest, however, are not entitled to vote to accept or reject the Plan.  A creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both (1) allowed or allowed for voting purposes and (2) impaired.

In this case, the Debtor believes that classes 3, 4 and 5 are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan.  The Debtor believes that class 1 is unimpaired and that holders of claims in this class, therefore, do not have the right to vote to accept or reject the Plan.

### 1.    *What Is an Allowed Claim or an Allowed Equity Interest?*

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan.  Generally, a claim or equity interest is allowed if either (1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or (2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.  When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

**The deadline for filing a proof of claim in this case was July 5, 2016.**
**The deadline for filing objections to claims is 60 days after confirmation of the Plan.**

### 2.    *What Is an Impaired Claim or Impaired Equity Interest?*

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan.  As provided in § 1124 of the Code, a class is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

### 3.    *Who is **Not** Entitled to Vote*

The holders of the following six types of claims and equity interests are *not* entitled to vote:

- holders of claims and equity interests that have been disallowed by an order of the Court;

- holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

- holders of claims or equity interests in unimpaired classes;

- holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code; and

- holders of claims or equity interests in classes that do not receive or retain any value under the Plan;

- holders of administrative claims.

***Even If You Are Not Entitled to Vote on the Plan, You Have a Right to Object to the Confirmation of the Plan and to the Adequacy of the Disclosure Statement.***

4.      *Who Can Vote in More Than One Class*

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise holds claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

B.      **Votes Necessary to Confirm the Plan**

If impaired classes exist, the Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted to accept the Plan, unless the Plan is eligible to be confirmed by a cram down on non-accepting classes, as discussed later in Section B.2.

1.      *Votes Necessary for a Class to Accept the Plan*

A class of claims accepts the Plan if both of the following occur: (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

2.      *Treatment of Non-Accepting Classes*

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan if the non-accepting classes are treated in the manner prescribed by § 1129(b) of the Code.  A plan that binds non-accepting classes is commonly referred to as a cram down plan.  The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not discriminate unfairly, and is fair and equitable toward each impaired class that has not voted to accept the Plan.

***You should consult your own attorney if a cram down confirmation will affect your claim or equity interest, as the variations on this general rule are numerous and complex.***

C.      **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation.  The liquidation analysis is set out as Exhibit "C" hereto.

D.    **Feasibility**

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

Exhibit "D" is the schedules listing the assets of the Debtor, and Exhibit "E" is the schedules showing the liabilities of the Debtor.

E.    **Plan Default** - In the event of any failure of the Reorganized Debtor to timely make its required plan payments to one or more of these creditors, they shall send notice of such default to the Reorganized Debtor. If the default is not cured within thirty (30) days of the date of such notice, the creditors may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court

V.    **EFFECT OF CONFIRMATION OF PLAN**

A.    **Discharge of Debtor**

On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code.  However, the Debtor shall not be discharged from any debt imposed by the Plan.  After the effective date of the Plan your claims against the Debtor will be limited to the debts imposed by the Plan.

B.    **Vesting of Property in the Reorganized Debtor.**  On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in the Reorganized Debtor, free and clear of all Claims and Interests other than any contractual secured claims granted under any lending agreement, on the condition that the Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan.  If the Reorganized Debtor defaults in performing under the provisions of the Plan and this case is converted to a case under chapter 7, all property vested in the Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

C.    **Modification of Plan**

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan.   The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated *and* (2) the Court authorizes the proposed modifications after notice and a hearing.

D.      **Final Decree**

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

Dated:  October 31, 2016.

/s/ Margaret M. McClure
_____
Margaret M. McClure, Attorney for Debtor

EXHIBIT A

**United States Bankruptcy Court**
**Southern District of Texas**

In re   **MERCURY SIGNS & DISPLAY, LTD.**                    Case No. 15-33249-H4-11
                    **Debtor**

## DEBTOR'S PLAN OF REORGANIZATION

### ARTICLE I

### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of MERCURY SIGNS & DISPLAY, LTD. (the "Debtor") from cash flow from operations and future income.  This Plan provides for a class of secured creditors, a class of unsecured priority claims; a class of general unsecured claims; and a class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at 75 cents on the dollar. This Plan also provides for the payment of administrative and priority claims. All creditors and equity security holders should refer to the provisions of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.**

### ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

1.    *Administrative Expenses*

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code.  Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. The following chart lists the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

**Margaret M. McClure** – Ms. McClure holds a retainer in the amount of $25,000.00.  Ms. McClure is owed approximately $35,000.

**U.S. Trustee** – fees will stay current until this case is closed.

      2.     *Priority Unsecured Tax Claims*

None

      3.     *Secured Claims*

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to set-off) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim. The following chart lists all classes containing Debtor's secured pre-petition claims and their proposed treatment under the Plan:

(3)(a) – Ad valorem Property Taxes

**Spring Branch ISD** – This claim is $28,014.09. It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The estimated monthly payment (even though the plan is a stair step plan) is $738.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Aldine ISD** – This claim is $2,276.10. It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The estimated monthly payment (even though the plan is a stair step plan) is $60.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**City of Houston** – This claim is $10,978.09. It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The estimated monthly payment (even though the plan is a stair step plan) is $244.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds,

whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Harris County, et al.** – This claim is $27,022.72. It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The estimated monthly payment (even though the plan is a stair step plan) is $601.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

**Near Northwest Management District** – This claim is $358.92. It is to be paid in full pursuant to the requirements of the United States Bankruptcy Code or in 60 months if this creditor agrees, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. It will be paid the applicable non-bankruptcy rate of interest as provided under 11 U.S.C. 511. The estimated monthly payment (even though the plan is a stair step plan) is $8.00. The monthly payment will be due and payable on the first day of the first month following 60 days after the effective date of the plan. This creditor shall retain all liens it currently holds, whether for pre-petition tax years or for the current tax year, on any property of the Debtor until it receives payment in full of all taxes, and interest owed to it under the provisions of this Plan, and its lien position shall not be diminished or primed by any Exit Financing approved by the Court in conjunction with the confirmation of this Plan.

3(b) – Taxing Authorities

**Internal Revenue Service** – This claim is $307,052.39. It is to be paid in full with 3% interest in 120 months, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. The estimated monthly payment (even though the plan is a stair step plan) is $2,965.00.

**Texas Comptroller of Public Accounts** – This claim is $13,814.46. It is to be paid in full with 4% interest in 60 months from the petition date, with the first monthly payment being due and payable on the 1st day of the 1st month following 60 days after the Effective Date of the Plan. The estimated monthly payment (even though the plan is a stair step plan) is $321.00.

**These claims are impaired**

4.      *Priority Unsecured Claims*

Priority Unsecured Claims are not secured by property of the estate but are entitled to priority under § 507(a) of the Code.

**Internal Revenue Service** – This claim is $76,312.74.  It is to be paid in full with 3% interest in 120 months, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan.  The estimated monthly payment (even though the plan is a stair step plan) is $737.00.

**Texas Workforce Commission** – This claim is $2,529.44.  It is to be paid in full with 4% interest in 60 months from the petition date, with the first monthly payment being due and payable on the 15th day of the 1st month following 60 days after the Effective Date of the Plan. The estimated monthly payment (even though the plan is a stair step plan) is $57.00.  Nothing in the Plan shall affect the Texas Comptroller of Public Accounts' setoff rights.  Those rights are preserved under § 553 of the Bankruptcy Code.

**These Claims are impaired**

5.    *General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The General Unsecured Creditors will be paid 75% of their claims with no interest in monthly payments over 60 months with the first payment being due on the 15th day of the first month following 60 days after the Effective Date of the Plan.  The monthly payments will be stair-stepped.

6.    *Insider Claims*

No insider will receive any distributions except their normal monthly salary.  Messrs. Travis Hoffart and Ted Hoffart, who are the owners, will continue to receive their annual salary.  Travis Hoffart receives $66,300.00 annually and Ted Hoffart receives $57,000.00 annually.

### ARTICLE III

### ALLOWANCE AND DISALLOWANCE OF CLAIMS

Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

<u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

<u>Claim Objections.</u>  The Debtor shall have 60 days from the Effective Date of the Plan to file objections to claims.

<u>Vesting of Property</u>  On the Effective Date, title to all assets and properties dealt with by the Plan shall vest in Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that Reorganized Debtor complies with the terms of the Plan, including the making of all payments to creditors provided for in such Plan.  If Reorganized Debtor defaults in performing under the provisions of this Plan and this case is converted to a case under chapter 7, all property vested in Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall re-vest and constitute property of the bankruptcy estate in the converted case.

<u>Default</u> – Any creditor remedies allowed by 11 U.S.C. § 1112(b)(4)(N) shall be preserved to the extent otherwise available at law.  In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Reorganized Debtor to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments if the payment is not cured within twenty-one (21) days after mailing written notice of default from such creditor to the Reorganized Debtor.  If a Monthly Payment is not timely received by a creditor after the Debtor has already cured three untimely payments, the creditor may exercise any and all rights and remedies under applicable non-bankruptcy law to collect such claims or seek such relief as may be appropriate in the United States Bankruptcy Court.

## ARTICLE IV

## **PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

<u>Assumed Executory Contracts and Unexpired Leases</u>.

The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan:" None. The Debtor will continue to work with its landlord regarding any delinquency in rental payments.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed above, or before the date of the order confirming this Plan, upon the "effective date of this Plan."  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE V

## **MEANS FOR IMPLEMENTATION OF THE PLAN**

This Plan of Reorganization will be funded by the Reorganized Debtor through future cash receipts and income from the operations of the businesses.  The current management, Messrs.

Travis Hoffart and Ted Hoffart will remain in control. Ms. Rubi Tiller is the general manager and may become a partner during the plan term.

## ARTICLE VI

## GENERAL PROVISIONS

Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

Effective Date of Plan. The effective date of this Plan is the fifteenth business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Texas govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Disputed Claims. All claims that were listed in the schedules as "disputed" required the filing of a proof of claim. If no proof of claim was timely filed, the claimant will not be paid under this Plan of Reorganization.

Late-Filed Claims. Any late-filed claims shall not be allowed claims, and shall not be paid under this Plan of Reorganization.

## ARTICLE VII

## DISCHARGE

On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Dated October 31, 2016.

/s/ Margaret M. McClure

_____

Margaret M. McClure, Attorney for Debtor

EXHIBIT B



# Mercury Signs & Display, Ltd.

# Business Plan 2016

**12407 Sowden Rd.**
**Houston, Texas 77080**

**OCTOBER 2016**



# Mercury Signs & Display, Ltd.
# Business Plan 2015

### *Table of Contents*

- **Business Summary**                                      **Page 3**

- **Company History**                                       **Page 3**

- **Ownership**                                             **Page 4**

- **Current Operations**                                    **Page 4**

- **Management**                                            **Page 4**

- **Employees**                                             **Page 5**

- **Market**                                                **Page 5**

- **Products**                                              **Page 5**

- **Business Development Plan & Marketing**                 **Page 6**

- **Mercury's Future**                                      **Page 6**

- **Financial Information & Projections**                   **Page 7**
  **(also see separate attachment)**



## Business Summary

Mercury Signs & Display, Ltd. is a leading graphics digital and screen printing company operating in Houston, Texas.  The company has built a reputation for high quality products, and fast, turnkey service, in the local and national graphics markets.

## Company History

Mercury Signs & Display, Ltd. was founded in 1959, by brothers Ted and Anton Hoffart. They opened a small sign shop in the Northwest area of Houston, Texas. Utilizing the screen printing process, they began supplying signage to Houston, and surrounding area markets, with a broad base of customers in every aspect of the business community.

The company began to grow steadily in 1988. The graphics market was expanding, and Mercury Sign & Display continued increasing its work force and equipment purchases. In 1992 the business moved to a new location for their main office, at 12407 Sowden Rd.

After converting to a limited partnership in 2001, Ted and Anton gifted their General and Limited partnership interest to their children, and have retired from the business. General Partnerships were gifted to Ted P. Hoffart, Jr. (50%), and Travis S. Hoffart (50%), to manage day-to-day operations, and continue the legacy of the business. Currently, there are 4 family members active in the business.

## Ownership

The company operates as a Texas Limited Partnership. The company is owned by 13 Limited Partners, in addition to the 2 General Partners. The Interest in the company consist of two (2) ½% Interests being the General Partnership Interest, which controls the day-to-day operations of the business, and 99% Limited Partnership Interest, which are silent in the day-to-day operations.

Ted P. Hoffart, Jr. owns one (1) of the ½% GP Interest, and Travis S. Hoffart owns one (1) ½% GP Interest. Please see previously provided documents for the list of limited partners, and their respective ownership interest, as well as the Partnership Agreement.



## Current Operations

All manufacturing is done at the company's leased Houston, Texas plant located at 12407 Sowden Rd., in Harris County. The facility is comprised of 35,600 square feet of metal buildings, with the majority of the building used as warehouse and print facilities. 93% of the facility is climate controlled. There is approximately 7,800 square feet of office space in the plant for general office and sales, pre-press areas, and digital printing areas.

Management believes the equipment and facilities can support its current niche products and capacity, but would like to increase their digital printing equipment, to remain efficient, and price competitive.

## Management

The principal management of Mercury Signs consists of the two General Partners, as well as several long term Department Supervisors.

*President:*
Travis S. Hoffart, age 52 has been with the company since 1981. He has served in assorted capacities including Production Manager from 1984 through 1992, and Company President from 1992 through 2016.

*Vice President*:
Ted P. Hoffart, Jr., age 53 has been with the company since 1981. He has extensive experience in our industry, and has held different positions, including Large Format Print supervisor, Estimating supervisor, and Sales Manager.

*General Manager*
Rubi Tiller, age 34 has been employed with Mercury, since 2014. She has extensive experience in printing, POP products, and is focused on our sales effort, production, and efficiency. Her no-nonsense work habits have given the company great energy, and re-vitalization.

*Production Manager*
Juan Obregon, age 41 has been employed with the Mercury, since 1992. He has extensive experience in printing, finishing and fulfillment. He oversees all production efforts.



## Employees

The Company has 16 full-time employees. Length of Service includes 2 years to 35 years. There are 5 Office/Sales personnel, and 11 Production personnel, as well as seasonal contract workers.

## Market

Our company experienced year-over-year revenue increases from 1987 through 2000. This was due to the overall market expansion for our products, and the growth of the business internally. Manufacturing declines in 2000 yielded falling revenues through 2004. Housing market slow-downs caused declines from 2008 to 2011. The oil industry declines yielded revenue declines from 2014 to 2016. Our sales efforts have stabilized the revenues, and shown future success based on our aggressive marketing, and our customer service.

The main buyers of Mercury's products include retail store chains, advertising agencies, commercial print brokers, home builders, and original equipment manufacturers (OEMs). Our products are used for vibrant promotional signage and durable labels and markings.  Examples include: 1) for-sale signs for residential homes, 2) a sign hanging in a chain restaurant window highlighting the most recent special, and, 3) a banner hanging in a large retail store advertising a sale.

Approximately 65% of revenues are attributed to the promotional products, and 35% to industrial products. Mercury expects to continually increase revenues by maintaining our position in the marketplace, as well as increasing market potential. We express our strong points to customers to prompt them to buy from us. This includes our quality, printing resolution and quick lead times on projects.

Regardless of our relatively small market share, we enjoy a significant reputation, due to our length of service in the market as well as our recognition for high quality products.

## Products

Mercury Signs offers a broad line of graphics products. We are a direct manufacturer of retail in-store signage and displays, and outdoor durable graphics for many industrial uses.



Our niche market is the short to medium run printing of point of purchase (retail) graphics. The company uses the screen printing process to produce the majority of products, as well as cut vinyl and large format digital printing.

## Business Development Plan & Marketing

Our company has experienced declining revenues for two years. We have attempted to draw new business through marketing, while maintaining our established clients through service. Cut-backs in operating cost have stabilized us to offset declining revenues.

With a weak oil industry, we have seen changing business climates for many existing customers. Plus many assorted trade printers/brokers, are not running the volume of previous years.

To offset the declines in overall activity we will continue to seek new contacts to sell our services. Our marketing efforts have included mailings to select industries. Also, phone soliciting to high potential industries has yielded good results. We were able to recently add a big retail chain of stores as a new client, and we continue to seek these types of retail accounts.

As revenues have declined, the company has attempted to cut all unnecessary expenditures. This includes payroll in all departments (to match the workload), as well as operational expenditure cutbacks. As our manufacturing process is historically a manually intense process, we have attempted to keep adequately skilled workers to keep quality in-line.

## Mercury's Future

The U.S. economic outlook for a strong 2017 appears promising, and we are cautiously optimistic. We continue to look to cut costs wherever necessary, yet we remain well-poised to fulfill orders and handle related demand when the economy shows more strength.

The Chapter 11 re-organization will greatly strengthen both our balance sheet and overall corporate vitality by: 1) pay plans for pre-petition debt obligations, 2) allowing us to borrow at reasonable terms, and rates, for materials and equipment, 3) allow us to focus on meaningful sales and production efforts. Additionally, we have a piece of real estate which is on the market to sell. We have a motivated buyer who has a contract, and things are moving through the process. We expect to close the sale by years end, and this will give us additional cash flow, to fund new work.



In summary, the attached forecast is achievable, and Mercury is excited about the future.  With expected economic growth as a backdrop, our inherent low cost operations, coupled with a new financial structure bodes well for our future.  We are confident that our 57-year metro Houston legacy will prove sustainable for many years to come.

**Financial Information & Projections**

Please see attached financial forecasts which are part of this plan.

*NOTE A—SUMMARY OF SIGNIFICANT FORECAST ASSUMPTIONS*

This financial forecast presents, to the best of management's knowledge and belief, the Company's expected financial position and results of operations for the forecast period. Accordingly, the forecast reflects management's judgment as of September 2016, the date of this forecast, of the expected conditions and its expected course of action. The assumptions disclosed herein are those that management believes are significant to the forecast. There will usually be differences between the forecasted and actual results, because events and circumstances frequently do not occur as expected, and those differences may be material.

*Net Sales*

Management developed the gross sales forecast by listing monthly revenues of the last five fiscal years. Monthly sales were then forecasted for the year ending December 31, 2015, from this average. Adjustments were made for planned and expected changes in sales efforts and the market. Sales are estimated at $3,656,600 for 2017.

Sales returns and allowances on sales are forecasted at less than .2% of sales, the rate for 2015. These have been subtracted from sales in the forecast.

*Cost of Sales*

Printing costs are based on prior years' actual costs adjusted for anticipated changes.

Salaries are the most significant operating cost and account for approximately 21% of all operating expenses. Salaries were estimated by listing each employee



with his or her salary adjusted for increases planned for the year of the forecast. Additional employees planned for specific departments are provided for in the forecast.

Commissions have been estimated as a function of sales, using actual percentages for 2014 and 2015.

All other operating expenses are based on the prior year's amount and adjusted for known variations from changes in policies and plans.

*General and Administrative Expenses*

No significant variation from the prior year's expenses is anticipated.


*NOTES:*

*Income Taxes*

Mercury is a sub-chapter "S" corporation, and thus income tax obligations are passed through to the respective Limited Partners.

*Revenue Recognition*

Revenue from new sales is recognized upon delivery of products. The Company accrues for returns and allowances, based on a five-year historical moving average of actual experience.

*Inventory*

Inventory is stated at the lower of cost or market on a first-in, first-out method. Inventory consists mainly of work in progress, finished goods and raw paper & plastic substrates.

*Property and Equipment*

Depreciation expense is calculated by the straight-line method based on the following estimated useful lives:

Buildings and improvements                    31.5–39 years

Printing machinery and equipment              5–7 years



Furniture and fixtures                              5–7 years

Expenditures for maintenance and repairs are charged to expense as incurred.

| | 2017 | |
| --- | --- | --- |
| | **January-17** | **February-17** |
| Sales Income | $ 222,816.91 | $ 227,718.89 |
| Cost of Goods Sold | $ 154,830.33 | $ 157,307.62 |
| **Contributions from Operations** | **$ 67,986.58** | **$ 70,411.27** |
| Administrative Expense | $ 54,890.00 | $ 55,109.56 |
| Other Income- Expense | $ 6,165.11 | $ 6,165.11 |
| **Net Income  - Before Pay Plan Payments** | **$ 6,931.47** | **$ 9,136.59** |
| Repayment of Pre-Petition Debt to Secured Creditors 25% of Net Income | $ 1,733 | $ 1,733 |
| Repayment of Pre-Petition Debt to Un-Secured Creditors 25% of Net Income | $ 1,733 | $ 1,733 |
| **Repayment Total** | **$ 3,465.73** | **$ 3,465.73** |
| **Net Income  - After Pay Plan Payments** | **$ 3,465.73** | **$ 5,670.86** |

| | March-17 | | April-17 | | May-17 | | June-17 | | July-17 | | August-17 | | September-17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $ | 232,728.70 | $ | 237,848.73 | $ | 243,081.41 | $ | 248,429.20 | $ | 253,894.64 | $ | 259,480.32 | $ | 265,188.89 |
| $ | 159,824.54 | $ | 162,381.73 | $ | 164,979.84 | $ | 167,619.52 | $ | 170,301.43 | $ | 173,026.25 | $ | 175,794.67 |
| **$** | **72,904.16** | **$** | **75,467.00** | **$** | **78,101.57** | **$** | **80,809.68** | **$** | **83,593.21** | **$** | **86,454.07** | **$** | **89,394.22** |
| $ | 55,330.00 | $ | 55,551.32 | $ | 55,773.52 | $ | 55,996.62 | $ | 56,220.60 | $ | 56,445.49 | $ | 56,671.27 |
| $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 |
| **$** | **11,409.05** | **$** | **13,750.57** | **$** | **16,162.93** | **$** | **18,647.95** | **$** | **21,207.49** | **$** | **23,843.47** | **$** | **26,557.83** |
| $ | 2,284 | $ | 2,852 | $ | 3,438 | $ | 4,041 | $ | 4,662 | $ | 5,302 | $ | 5,961 |
| $ | 2,284 | $ | 2,852 | $ | 3,438 | $ | 4,041 | $ | 4,662 | $ | 5,302 | $ | 5,961 |
| $ | 4,568.30 | $ | 5,704.53 | $ | 6,875.28 | $ | 8,081.46 | $ | 9,323.97 | $ | 10,603.75 | $ | 11,921.73 |
| **$** | **6,840.75** | **$** | **8,046.04** | **$** | **9,287.64** | **$** | **10,566.48** | **$** | **11,883.52** | **$** | **13,239.72** | **$** | **14,636.10** |

|  | October-17 | November-17 | December-17 | January-18 | February-18 | March-18 | April-18 |
|---|---|---|---|---|---|---|---|
|  |  |  |  | **2018** |  |  |  |
|  | $ 271,023.04 | $ 276,985.55 | $ 283,079.23 | $ 222,816.91 | $ 227,718.89 | $ 232,728.70 | $ 237,848.73 |
|  | $ 178,607.39 | $ 181,465.10 | $ 184,368.55 | $ 154,830.33 | $ 157,307.62 | $ 159,824.54 | $ 162,381.73 |
|  | **$ 92,415.66** | **$ 95,520.45** | **$ 98,710.69** | **$ 67,986.58** | **$ 70,411.27** | **$ 72,904.16** | **$ 75,467.00** |
|  | $ 56,897.95 | $ 57,125.55 | $ 57,354.05 | $ 54,890.00 | $ 55,109.56 | $ 55,330.00 | $ 55,551.32 |
|  | $ 6,165.11 | 6,165.11 | 6,165.11 | 6,165.11 | 6,165.11 | 6,165.11 | 6,165.11 |
|  | **$ 29,352.59** | **$ 32,229.79** | **$ 35,191.52** | **$ 6,931.47** | **$ 9,136.59** | **$ 11,409.05** | **$ 13,750.57** |
|  | $ 6,639 | $ 7,338 | $ 8,057 | $ 1,733 | $ 1,733 | $ 2,284 | 2,852 |
|  | $ 6,639 | $ 7,338 | $ 8,057 | $ 1,733 | $ 1,733 | $ 2,284 | 2,852 |
|  | **$ 13,278.92** | **$ 14,676.29** | **$ 16,114.89** | **$ 3,465.73** | **$ 3,465.73** | **$ 4,568.30** | **$ 5,704.53** |
|  | **$ 16,073.67** | **$ 17,553.49** | **$ 19,076.63** | **$ 3,465.73** | **$ 5,670.86** | **$ 6,840.75** | **$ 8,046.04** |

| | May-18 | | June-18 | | July-18 | | August-18 | | September-18 | | October-18 | | November-18 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $ | 243,081.41 | $ | 248,429.20 | $ | 253,894.64 | $ | 259,480.32 | $ | 265,188.89 | $ | 271,023.04 | $ | 276,985.55 |
| $ | 164,979.84 | $ | 167,619.52 | $ | 170,301.43 | $ | 173,026.25 | $ | 175,794.67 | $ | 178,607.39 | $ | 181,465.10 |
| **$** | **78,101.57** | **$** | **80,809.68** | **$** | **83,593.21** | **$** | **86,454.07** | **$** | **89,394.22** | **$** | **92,415.66** | **$** | **95,520.45** |
| $ | 55,773.52 | $ | 55,996.62 | $ | 56,220.60 | $ | 56,445.49 | $ | 56,671.27 | $ | 56,897.95 | $ | 57,125.55 |
| $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 |
| **$** | **16,162.93** | **$** | **18,647.95** | **$** | **21,207.49** | **$** | **23,843.47** | **$** | **26,557.83** | **$** | **29,352.59** | **$** | **32,229.79** |
| $ | 3,438 | $ | 4,041 | $ | 4,662 | $ | 5,302 | $ | 5,961 | $ | 6,639 | $ | 7,338 |
| $ | 3,438 | $ | 4,041 | $ | 4,662 | $ | 5,302 | $ | 5,961 | $ | 6,639 | $ | 7,338 |
| $ | 6,875.28 | $ | 8,081.46 | $ | 9,323.97 | $ | 10,603.75 | $ | 11,921.73 | $ | 13,278.92 | $ | 14,676.29 |
| $ | 9,287.64 | $ | 10,566.48 | $ | 11,883.52 | $ | 13,239.72 | $ | 14,636.10 | $ | 16,073.67 | $ | 17,553.49 |

| | 2019 | | | | | |
|---|---|---|---|---|---|---|
| **December-18** | **January-19** | **February-19** | **March-19** | **April-19** | **May-19** | **June-19** |
| $ 283,079.23 | $ 222,816.91 | $ 227,718.89 | $ 232,728.70 | $ 237,848.73 | $ 243,081.41 | $ 248,429.20 |
| $ 184,368.55 | $ 154,830.33 | $ 157,307.62 | $ 159,824.54 | $ 162,381.73 | $ 164,979.84 | $ 167,619.52 |
| **$ 98,710.69** | **$ 67,986.58** | **$ 70,411.27** | **$ 72,904.16** | **$ 75,467.00** | **$ 78,101.57** | **$ 80,809.68** |
| $ 57,354.05 | $ 54,890.00 | $ 55,109.56 | $ 55,330.00 | $ 55,551.32 | $ 55,773.52 | $ 55,996.62 |
| $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 |
| **$ 35,191.52** | **$ 6,931.47** | **$ 9,136.59** | **$ 11,409.05** | **$ 13,750.57** | **$ 16,162.93** | **$ 18,647.95** |
| $ 8,057 | $ 1,733 | $ 1,733 | $ 2,284 | $ 2,852 | $ 3,438 | $ 4,041 |
| $ 8,057 | $ 1,733 | $ 1,733 | $ 2,284 | $ 2,852 | $ 3,438 | $ 4,041 |
| **$ 16,114.89** | **$ 3,465.73** | **$ 3,465.73** | **$ 4,568.30** | **$ 5,704.53** | **$ 6,875.28** | **$ 8,081.46** |
| **$ 19,076.63** | **$ 3,465.73** | **$ 5,670.86** | **$ 6,840.75** | **$ 8,046.04** | **$ 9,287.64** | **$ 10,566.48** |

|  | July-19 | August-19 | September-19 | October-19 | November-19 | December-19 | 2020 January-20 |
|---|---|---|---|---|---|---|---|
|  | $ 253,894.64 | $ 259,480.32 | $ 265,188.89 | $ 271,023.04 | $ 276,985.55 | $ 283,079.23 | $ 222,816.91 |
|  | $ 170,301.43 | $ 173,026.25 | $ 175,794.67 | $ 178,607.39 | $ 181,465.10 | $ 184,368.55 | $ 154,830.33 |
|  | **$ 83,593.21** | **$ 86,454.07** | **$ 89,394.22** | **$ 92,415.66** | **$ 95,520.45** | **$ 98,710.69** | **$ 67,986.58** |
|  | $ 56,220.60 | $ 56,445.49 | $ 56,671.27 | $ 56,897.95 | $ 57,125.55 | $ 57,354.05 | $ 54,890.00 |
|  | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 |
|  | **$ 21,207.49** | **$ 23,843.47** | **$ 26,557.83** | **$ 29,352.59** | **$ 32,229.79** | **$ 35,191.52** | **$ 6,931.47** |
|  | $ 4,662 | $ 5,302 | $ 5,961 | $ 6,639 | $ 7,338 | $ 8,057 | $ 1,733 |
|  | $ 4,662 | $ 5,302 | $ 5,961 | $ 6,639 | $ 7,338 | $ 8,057 | $ 1,733 |
|  | **$ 9,323.97** | **$ 10,603.75** | **$ 11,921.73** | **$ 13,278.92** | **$ 14,676.29** | **$ 16,114.89** | **$ 3,465.73** |
|  | **$ 11,883.52** | **$ 13,239.72** | **$ 14,636.10** | **$ 16,073.67** | **$ 17,553.49** | **$ 19,076.63** | **$ 3,465.73** |

| | February-20 | | March-20 | | April-20 | | May-20 | | June-20 | | July-20 | | August-20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $ | 227,718.89 | $ | 232,728.70 | $ | 237,848.73 | $ | 243,081.41 | $ | 248,429.20 | $ | 253,894.64 | $ | 259,480.32 |
| $ | 157,307.62 | $ | 159,824.54 | $ | 162,381.73 | $ | 164,979.84 | $ | 167,619.52 | $ | 170,301.43 | $ | 173,026.25 |
| **$** | **70,411.27** | **$** | **72,904.16** | **$** | **75,467.00** | **$** | **78,101.57** | **$** | **80,809.68** | **$** | **83,593.21** | **$** | **86,454.07** |
| $ | 55,109.56 | $ | 55,330.00 | $ | 55,551.32 | $ | 55,773.52 | $ | 55,996.62 | $ | 56,220.60 | $ | 56,445.49 |
| $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 | $ | 6,165.11 |
| **$** | **9,136.59** | **$** | **11,409.05** | **$** | **13,750.57** | **$** | **16,162.93** | **$** | **18,647.95** | **$** | **21,207.49** | **$** | **23,843.47** |
| $ | 1,733 | $ | 2,284 | $ | 2,852 | $ | 3,438 | $ | 4,041 | $ | 4,662 | $ | 5,302 |
| $ | 1,733 | $ | 2,284 | $ | 2,852 | $ | 3,438 | $ | 4,041 | $ | 4,662 | $ | 5,302 |
| **$** | **3,465.73** | **$** | **4,568.30** | **$** | **5,704.53** | **$** | **6,875.28** | **$** | **8,081.46** | **$** | **9,323.97** | **$** | **10,603.75** |
| **$** | **5,670.86** | **$** | **6,840.75** | **$** | **8,046.04** | **$** | **9,287.64** | **$** | **10,566.48** | **$** | **11,883.52** | **$** | **13,239.72** |

| | September-20 | October-20 | November-20 | December-20 | 2021 January-21 | February-21 | March-21 |
|---|---|---|---|---|---|---|---|
| | $ 265,188.89 | $ 271,023.04 | $ 276,985.55 | $ 283,079.23 | $ 222,816.91 | $ 227,718.89 | $ 232,728.70 |
| | $ 175,794.67 | $ 178,607.39 | $ 181,465.10 | $ 184,368.55 | $ 154,830.33 | $ 157,307.62 | $ 159,824.54 |
| | **$ 89,394.22** | **$ 92,415.66** | **$ 95,520.45** | **$ 98,710.69** | **$ 67,986.58** | **$ 70,411.27** | **$ 72,904.16** |
| | $ 56,671.27 | $ 56,897.95 | $ 57,125.55 | $ 57,354.05 | $ 54,890.00 | $ 55,109.56 | $ 55,330.00 |
| | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 |
| | **$ 26,557.83** | **$ 29,352.59** | **$ 32,229.79** | **$ 35,191.52** | **$ 6,931.47** | **$ 9,136.59** | **$ 11,409.05** |
| | $ 5,961 | $ 6,639 | $ 7,338 | $ 8,057 | $ 1,733 | $ 1,733 | $ 2,284 |
| | $ 5,961 | $ 6,639 | $ 7,338 | $ 8,057 | $ 1,733 | $ 1,733 | $ 2,284 |
| | **$ 11,921.73** | **$ 13,278.92** | **$ 14,676.29** | **$ 16,114.89** | **$ 3,465.73** | **$ 3,465.73** | **$ 4,568.30** |
| | **$ 14,636.10** | **$ 16,073.67** | **$ 17,553.49** | **$ 19,076.63** | **$ 3,465.73** | **$ 5,670.86** | **$ 6,840.75** |

| | April-21 | May-21 | June-21 | July-21 | August-21 | September-21 | October-21 |
|---|---|---|---|---|---|---|---|
| $ | 237,848.73 | $ 243,081.41 | $ 248,429.20 | $ 253,894.64 | $ 259,480.32 | $ 265,188.89 | $ 271,023.04 |
| $ | 162,381.73 | $ 164,979.84 | $ 167,619.52 | $ 170,301.43 | $ 173,026.25 | $ 175,794.67 | $ 178,607.39 |
| **$** | **75,467.00** | **$ 78,101.57** | **$ 80,809.68** | **$ 83,593.21** | **$ 86,454.07** | **$ 89,394.22** | **$ 92,415.66** |
| $ | 55,551.32 | $ 55,773.52 | $ 55,996.62 | $ 56,220.60 | $ 56,445.49 | $ 56,671.27 | $ 56,897.95 |
| $ | 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 | $ 6,165.11 |
| **$** | **13,750.57** | **$ 16,162.93** | **$ 18,647.95** | **$ 21,207.49** | **$ 23,843.47** | **$ 26,557.83** | **$ 29,352.59** |
| $ | 2,852 | $ 3,438 | $ 4,041 | $ 4,662 | $ 5,302 | $ 5,961 | $ 6,639 |
| $ | 2,852 | $ 3,438 | $ 4,041 | $ 4,662 | $ 5,302 | $ 5,961 | $ 6,639 |
| **$** | **5,704.53** | **$ 6,875.28** | **$ 8,081.46** | **$ 9,323.97** | **$ 10,603.75** | **$ 11,921.73** | **$ 13,278.92** |
| **$** | **8,046.04** | **$ 9,287.64** | **$ 10,566.48** | **$ 11,883.52** | **$ 13,239.72** | **$ 14,636.10** | **$ 16,073.67** |

| November-21 | December-21 |
|---|---|
| $ 276,985.55 | $ 283,079.23 |
| $ 181,465.10 | $ 184,368.55 |
| **$ 95,520.45** | **$ 98,710.69** |
| $ 57,125.55 | $ 57,354.05 |
| $ 6,165.11 | $ 6,165.11 |
| **$ 32,229.79** | **$ 35,191.52** |
| $ 7,338 | $ 8,057 |
| $ 7,338 | $ 8,057 |
| **$ 14,676.29** | **$ 16,114.89** |
| **$ 17,553.49** | **$ 19,076.63** |

EXHIBIT C

**MERCURY SIGNS & DISPLAY, LTD.**

**CASE NO. 16-30906-H4-11**

**CHAPTER 11 LIQUIDATION ANALYSIS**

| NON-EXEMPT ASSETS | Market Value |
|---|---|
| Digital Printer XR-640 | Unknown |
| Inventory/Raw Materials/Work in Progress | 207,625.00 |
| Accounts Receivable | 181,140.00 |
| 4 Lots 6422-26B, Deihl, Houston, TX - (Paid For) | 168,000.00 |
| Key Man Insurance Policy on founder Ted Hoffart, Sr. - Death Benefit | 0.00 |
| Business Machinery/Fixtures/Equipment/Supplies | 82,000.00 |
| Security Deposit with Landlord, Prospect Gardens II Texas, LLC (Approx) | 25,000.00 |
| Checking Account (Operating) - Comerica Bank - account no. …5426 | 15,284.72 |
| Office Equipment, Furnishings and Supplies | 15,137.00 |
| Checking Account (Payroll) - Comerica Bank - account no. …5434 | 2,770.92 |

| | | TOTAL | $ | 696,957.64 |
|---|---|---|---|---|

| Claim | CREDITORS Administrative Claims | | Amount |
|---|---|---|---|
| 12 | Texas Workforce Commission | | 2,347.95 |

| | | TOTAL | $ | 2,347.95 |
|---|---|---|---|---|

| Claim | Secured Claims | | Amount |
|---|---|---|---|
| 1 | Internal Revenue Service | | 307,052.39 |
| 3 | Spring Branch ISD | | 28,014.09 |
| 5 | Harris County et al | | 27,022.72 |
| 7 | Texas Comptroller of Public Accounts | | 13,814.46 |
| 14 | City of Houston | | 10,978.09 |
| 16 | Aldine ISD | | 2,276.10 |
| | Near Northwest Management District | | 358.92 |

| | | TOTAL | $ | 389,516.77 |
|---|---|---|---|---|

| Claim | Priority Claims | | |
|---|---|---|---|
| 6 | Internal Revenue Service | | 76,312.74 |
| 13 | Texas Workforce Commission | | 2,529.44 |

| | | TOTAL | $ | 78,842.18 |
|---|---|---|---|---|

| | Net Available to General Unsecured Claims | $ | 226,250.74 |
|---|---|---|---|

| Claim | General Unsecured Claims | | Amount |
|---|---|---|---|
| 6 | Flexcon Company, Inc. | | 16,146.87 |
| 9 | Herman Investment Company | | 62,220.55 |
| 15 | Jim Wicker | | 43,400.00 |
| | K&R Plastics | | 37,475.01 |
| | Allied Plastics Supply, LLC | | 30,707.00 |
| 11 | Brunswick Press, Inc. | | 28,528.44 |
| 10 | Panel Processing, Inc. | | 22,331.19 |
| | AGFA/Pitmad - Charrette | | 19,513.07 |
| | Mass Mutual/U.S. Department of Labor/M. Sallusti | | 16,473.38 |
| | Graphic Solutions Group, Inc. | | 12,751.52 |
| 8 | American Express Bank, FSB | | 12,671.64 |
| | JPMorgan Chase Bank, N.A. - Small Business | | 11,820.00 |
| | LabelTech Products | | 10,665.71 |
| 4 | Uline Shipping Supplies | | 9,981.74 |
| | Communikay Graphics | | 8,764.00 |
| | JPMorgan Chase Bank, N.A. - Line of Credit | | 8,133.63 |
| | Thomas Print Workshop/VCI Group | | 7,607.36 |
| | Hub Trucker, Inc. | | 4,385.00 |
| | SemaSys | | 4,360.00 |
| | Janitor's Warehouse | | 2,901.51 |
| | Loren D. Stark Company | | 2,765.00 |
| | Dudley L. Veal, III | | 1,647.64 |
| | City of Houston Water Department | | 842.93 |
| | Zimmerman, Axelrad, Meyer, Stern & Wise | | 840.60 |

| | | TOTAL | $ | 376,933.79 |
|---|---|---|---|---|

| PERCENTAGE RECEIVED IN CHAPTER 7 LIQUIDATION | 60.02% |
|---|---|

EXHIBIT D

**Fill in this information to identify the case:**

Debtor name    Mercury Signs & Display, Ltd.

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2. **Cash on hand** | $ 0.00 |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | Chase Bank | Checking | 9 8 6 5 | $ -55,956.92 |
| 3.2. | Chase Bank | Payroll | 7 4 3 0 | $ -17,919.79 |

4. **Other cash equivalents** *(Identify all)*

| | | |
|---|---|---|
| 4.1. | _____ | $_____ |
| 4.2. | _____ | $_____ |

5. **Total of Part 1** | | $ -73,876.71 |

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☐ No. Go to Part 3.
   ☒ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1. | Security deposit with landlord, Prospect Gardens II Texas, LLC (Approx) | $ 25,000.00 |
| 7.2. | _____ | $_____ |

Debtor     Mercury Signs & Display, Ltd.                                        Case number *(if known)*_____
           Name

---

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1._____     $_____

   8.2._____     $_____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.                                  $ 25,000.00

---

| Part 3: | Accounts receivable |
|---------|---------------------|

10. **Does the debtor have any accounts receivable?**

    ☐ No. Go to Part 4.

    ☒ Yes. Fill in the information below.

                                                                     **Current value of debtor's interest**

11. **Accounts receivable**

    11a. 90 days old or less:    $181,140.00    –    $0.00          = ........➜     $ 181,140.00
                                 face amount         doubtful or uncollectible accounts

    11b. Over 90 days old:       $0.00           –    $0.00          = ........➜     $ 0.00
                                 face amount         doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.          $ 181,140.00

---

| Part 4: | Investments |
|---------|-------------|

13. **Does the debtor own any investments?**

    ☒ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

                                                      **Valuation method used for current value**    **Current value of debtor's interest**

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1._____    _____     $_____

    14.2._____    _____     $_____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                       % of ownership:

    15.1._____    _____%    _____     $_____

    15.2._____    _____%    _____     $_____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1._____    _____     $_____

    16.2._____    _____     $_____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.                                  $_____

---

Debtor ___Mercury Signs & Display, Ltd._____     Case number *(if known)*_____
       Name

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☒ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** <br> Inventory/Raw Materials/Work in Progress | 12/31/2014 <br> MM / DD / YYYY | $_____ | _____ | $ 320,390.13 |
| **20. Work in progress** <br> _____ | _____ <br> MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** <br> _____ | _____ <br> MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** <br> _____ | _____ <br> MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

| $ 320,390.13 |
|---|

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value _____ Valuation method _____ Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** <br> _____ | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish <br> _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) <br> _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** <br> _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** <br> _____ | $_____ | _____ | $_____ |

Debtor    Mercury Signs & Display, Ltd.
Name

Case number (if known)_____

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$_____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

### Part 7:    Office furniture, fixtures, and equipment; and collectibles

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** Office Equipment, Furnishings and Supplies | $_____ | _____ | $15,137.00 |
| 40. **Office fixtures** | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** Digital Printer XR-640 (Value Unknown) | $_____ | _____ | $0.00 |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$15,137.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor  Mercury Signs & Display, Ltd.
Name

Case number *(if known)*_____

---

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☒ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| Business Machinery/Fixtures/Equipment/Supplies | $_____ | _____ | $ 82,000.00 |

51. **Total of Part 8.** 

Add lines 47 through 50. Copy the total to line 87.

$ 82,000.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Debtor  Mercury Signs & Display, Ltd.
        _____
        Name

Case number (if known)_____

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☒ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 4 Lots 6422-26B, Deihl, Houston-Paid for | _____ | $_____ | _____ | $ 168,000.00 |
| 55.2 _____ | _____ | $_____ | _____ | $_____ |
| 55.3 _____ | _____ | $_____ | _____ | $_____ |
| 55.4 _____ | _____ | $_____ | _____ | $_____ |
| 55.5 _____ | _____ | $_____ | _____ | $_____ |
| 55.6 _____ | _____ | $_____ | _____ | $_____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 168,000.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☒ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☒ No

☐ Yes

## Part 10:  Intangibles and Intellectual Property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| 61. **Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| 62. **Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| 63. **Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| 64. **Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| 65. **Goodwill**<br>_____ | $_____ | _____ | $_____ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

Debtor  Mercury Signs & Display, Ltd.
Name

Case number (if known)_____

---

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 11:  All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☒ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

**71. Notes receivable**

Description (include name of obligor)

_____   _____ — _____ = ➔   $_____
                          Total face amount    doubtful or uncollectible amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____  Tax year _____  $_____
_____  Tax year _____  $_____
_____  Tax year _____  $_____

**73. Interests in insurance policies or annuities**

_____  $_____

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

_____  $_____

Nature of claim  _____

Amount requested  $_____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

Key Man Insurance Policy on founder Ted Hoffart, Sr.  $ 100,000.00

Nature of claim  Death Benefit

Amount requested_  $_____

**76. Trusts, equitable or future interests in property**

_____  $_____

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____  $_____

_____  $_____

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.  $ 100,000.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

| Debtor | Mercury Signs & Display, Ltd. | Case number (if known) |
|---|---|---|
| | Name | |

---

| Part 12: | Summary |
|---|---|

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $ -73,876.71 | |
| 81. **Deposits and prepayments.** Copy line 9, Part 2. | $ 25,000.00 | |
| 82. **Accounts receivable.** Copy line 12, Part 3. | $ 181,140.00 | |
| 83. **Investments.** Copy line 17, Part 4. | $ 0.00 | |
| 84. **Inventory.** Copy line 23, Part 5. | $ 320,390.13 | |
| 85. **Farming and fishing-related assets.** Copy line 33, Part 6. | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment, and collectibles.** Copy line 43, Part 7. | $ 15,137.00 | |
| 87. **Machinery, equipment, and vehicles.** Copy line 51, Part 8. | $ 82,000.00 | |
| 88. **Real property.** Copy line 56, Part 9. ................................................➜ | | $ 168,000.00 |
| 89. **Intangibles and intellectual property.** Copy line 66, Part 10. | $ 0.00 | |
| 90. **All other assets.** Copy line 78, Part 11. | + $ 100,000.00 | |
| 91. **Total.** Add lines 80 through 90 for each column. ...................91a. | $ 649,790.42 | + 91b. $ 168,000.00 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ..................................................................... $ 817,790.42

**Fill in this information to identify the case:**

Debtor name ___Mercury Signs & Display, Ltd.___

United States Bankruptcy Court for the: ___Southern District of Texas___

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property   12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

**Part 1:   List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim |
|---|---|---|

**2.1** Creditor's name
___Aldine ISD (Susan Fuertes)___

Describe debtor's property that is subject to a lien
___Ad valorem taxes___      $ 3,719.00      $ Unknown

Creditor's mailing address
___14910 Aldine-Westfield Road___
___Houston, TX 77032___

Describe the lien
_____

Creditor's email address, if known
_____

Is the creditor an insider or related party?
☒ No
☐ Yes

Date debt was incurred _____

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority.
   1:Aldine ISD (Susan Fuertes);
   2:Spring Branch ISD (Owen Sonik)

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2** Creditor's name
___Harris County, et al (John Dillman)___

Describe debtor's property that is subject to a lien
___Property taxes owed on 6 current invoices___      $ 28,790.77      $ Unknown

Creditor's mailing address
___P.O. Box 3064___
___Houston, TX 77253-3064___

Describe the lien
_____

Creditor's email address, if known
_____

Is the creditor an insider or related party?
☒ No
☐ Yes

Date debt was incurred _____

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☒ No
☐ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.
   _____
   ☐ Yes. The relative priority of creditors is specified on lines _____

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.      $ 190,040.42

EXHIBIT E

---

**Fill in this information to identify the case:**

Debtor name _Mercury Signs & Display, Ltd._

United States Bankruptcy Court for the: _Southern District of Texas_

Case number (If known): _____

☐ Check if this is an amended filing

---

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☐ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A | Column B |
|---|---|---|
| | **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

**2.1** Creditor's name
_Aldine ISD (Susan Fuertes)_

Creditor's mailing address
_14910 Aldine-Westfield Road_
_Houston, TX 77032_

Creditor's email address, if known
_____

Date debt was incurred _____
Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☐ No
☒ Yes. Specify each creditor, including this creditor, and its relative priority.
  _1:Aldine ISD (Susan Fuertes);_
  _2:Spring Branch ISD (Owen Sonik)_

Describe debtor's property that is subject to a lien
_Ad valorem taxes_                    $ 3,719.00      $ Unknown

Describe the lien
_____

Is the creditor an insider or related party?
☒ No
☐ Yes

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2.2** Creditor's name
_Harris County, et al (John Dillman)_

Creditor's mailing address
_P.O. Box 3064_
_Houston, TX 77253-3064_

Creditor's email address, if known
_____

Date debt was incurred _____
Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
☒ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
    _____
  ☐ Yes. The relative priority of creditors is specified on lines _____

Describe debtor's property that is subject to a lien
_Property taxes owed on 6 current invoices_   $ 28,790.77    $ Unknown

Describe the lien
_____

Is the creditor an insider or related party?
☒ No
☐ Yes

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          $ 190,040.42

Debtor  Mercury Signs & Display, Ltd.
Name

Case number (if known) _____

| | | Column A | Column B |
|---|---|---|---|
| **Part 1:** | **Additional Page** | **Amount of claim**<br>Do not deduct the value of collateral. | **Value of collateral that supports this claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.3** | Creditor's name

Harris County, et al (John Dillman)

**Creditor's mailing address**

P.O. Box 3064

Houston, TX 77253-3064

**Creditor's email address, if known**

_____

Date debt was incurred _____

Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
- [x] No
- [ ] Yes. Have you already specified the relative priority?
  - [ ] No. Specify each creditor, including this creditor, and its relative priority.
    _____
    _____
    _____
  - [ ] Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Property taxes owed on 4 invoices that are paid to Linebarger Goggan Blair & Sampson

**Describe the lien**

_____

Is the creditor an insider or related party?
- [x] No
- [ ] Yes

Is anyone else liable on this claim?
- [x] No
- [ ] Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

$ 3,039.73 | $ Unknown

---

**2.4** | Creditor's name

Jim Wicker Loan

**Creditor's mailing address**

859 W. 41st Street

Houston, TX 77018

**Creditor's email address, if known**

_____

Date debt was incurred  12/2015

Last 4 digits of account number ___ ___ ___ ___

Do multiple creditors have an interest in the same property?
- [x] No
- [ ] Yes. Have you already specified the relative priority?
  - [ ] No. Specify each creditor, including this creditor, and its relative priority.
    _____
    _____
    _____
  - [ ] Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Digital Printer XR-640 - Security Agreement

**Describe the lien**

_____

Is the creditor an insider or related party?
- [x] No
- [ ] Yes

Is anyone else liable on this claim?
- [x] No
- [ ] Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

$ 43,400.00 | $ Unknown

---

Debtor   Mercury Signs & Display, Ltd.
Name

Case number (if known) _____

| Part 1: | Additional Page | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.5** Creditor's name

Prospect Gardens II Texas, LLC

**Creditor's mailing address**

3700 S. Water Street, Suite 100
Pittsburgh, PA 15203-2366

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** ___ ___ ___ ___

**Do multiple creditors have an interest in the same property?**
☒ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
    _____
    _____
    _____
  ☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

Business space lease by Debtor from
Prudential Realty

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$ 79,455.11     $ 0.00

---

**2.6** Creditor's name

Spring Branch ISD (Owen Sonik)

**Creditor's mailing address**

1235 North Loop West, Suite 600
Houston, TX 77008-1772

**Creditor's email address, if known**

_____

**Date debt was incurred** _____

**Last 4 digits of account number** _0_ _0_ _8_ _0_

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
    _____
    _____
    _____
  ☒ Yes. The relative priority of creditors is specified on lines _2.1_

**Describe debtor's property that is subject to a lien**

Ad valorem taxes

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$ 30,382.81     $ Unknown

---

Debtor **Mercury Signs & Display, Ltd.**
Name

Case number *(if known)* _____

| Part 1: | Additional Page | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---------|-----------------|------|------|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.7** Creditor's name

Spring Branch Management District

Creditor's mailing address

9610 Long Point, Suite 100
Houston, TX 77055

Creditor's email address, if known

_____

Date debt was incurred _____

Last 4 digits of account number    0   0   8   0

Do multiple creditors have an interest in the same property?

☒ No

☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

     _____
     _____

   ☐ Yes. The relative priority of creditors is specified on lines _____

Describe debtor's property that is subject to a lien

Property taxes
_____

Describe the lien

_____

Is the creditor an insider or related party?

☒ No
☐ Yes

Is anyone else liable on this claim?

☒ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

$ 1,253.00        $ Unknown

---

**2.8** Creditor's name

_____

Creditor's mailing address

_____
_____

Creditor's email address, if known

_____

Date debt was incurred _____

Last 4 digits of account number    ___  ___  ___  ___

Do multiple creditors have an interest in the same property?

☐ No

☐ Yes. Have you already specified the relative priority?

   ☐ No. Specify each creditor, including this creditor, and its relative priority.

     _____
     _____

   ☐ Yes. The relative priority of creditors is specified on lines _____

Describe debtor's property that is subject to a lien

_____

Describe the lien

_____

Is the creditor an insider or related party?

☐ No
☐ Yes

Is anyone else liable on this claim?

☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

$ _____        $ _____

---

Debtor __Mercury Signs & Display, Ltd._____
Name

Case number (if known)_____

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Aldine ISD - Tax Office<br>14909 Aldine-Westfield<br>Houston, TX 77032-3099 | Line 2. 1 | ___ ___ ___ ___ |
| Harris County, et al<br>P.O. Box 4622<br>Houston, TX 77210 | Line 2. 2 | ___ ___ ___ ___ |
| Harris County, et al<br>P.O. Box 4622<br>Houston, TX 77210 | Line 2. 3 | ___ ___ ___ ___ |
| Spring Branch ISD<br>8800 Westview<br>Houston, TX 77055 | Line 2. 6 | 0 0 8 0 |
| Spring Branch ISD<br>P.O. Box 19037<br>Houston, TX 77224-9037 | Line 2. 6 | 0 0 8 0 |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |
| | Line 2. ___ | ___ ___ ___ ___ |

**Fill in this information to identify the case:**

Debtor _____Mercury Signs & Display, Ltd._____

United States Bankruptcy Court for the: _____Southern District of Texas_____

Case number
(if known) _____

☐ Check if this is an
amended filing

Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

## Part 1:   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   - ☐ No. Go to Part 2.
   - ☒ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  |  | Total claim | Priority amount |
|---|---|---|---|

**2.1** Priority creditor's name and mailing address
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Total claim: $313,087.00      Priority amount: $313,087.00

**Date or dates debt was incurred**
_____

**Basis for the claim:**
Taxes owed

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
- ☒ No
- ☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( 8 )

**2.2** Priority creditor's name and mailing address
_____
_____
_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$_____   $_____

**Date or dates debt was incurred**
_____

**Basis for the claim:**
_____

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

**2.3** Priority creditor's name and mailing address
_____
_____
_____

**As of the petition filing date, the claim is:**
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$_____   $_____

**Date or dates debt was incurred**
_____

**Basis for the claim:**
_____

**Last 4 digits of account number** ___ ___ ___ ___

**Is the claim subject to offset?**
- ☐ No
- ☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (_____)

| Debtor | Mercury Signs & Display, Ltd. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 4 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1**
Nonpriority creditor's name and mailing address
AGFA/Pitman - Charrette

P.O. Box 2123
Carol Stream, IL 60132-2123

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ 19,513.07

---

**3.2**
Nonpriority creditor's name and mailing address
Allied Plastics Supply, LLC

4510 W. 34th St.
Houston, TX 77093,

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ 30,707.00

---

**3.3**
Nonpriority creditor's name and mailing address
American Express

P.O. Box 650448
Dallas, Texas 75265

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ 12,671.69

---

**3.4**
Nonpriority creditor's name and mailing address
Brunswick Press, Inc.

9430 Baythorne Drive
Houstone, TX 77041-7797

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ 25,896.40

---

**3.5**
Nonpriority creditor's name and mailing address
City of Houston Water Department

P.O. Box 1560
Houston, TX 77251

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ 842.93

---

**3.6**
Nonpriority creditor's name and mailing address
Communikay Graphics

1900 Hwy 35 Bypass
Alvin, TX 77511

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
☒ No
☐ Yes

$ 8,764.00

---

Debtor  Mercury Signs & Display, Ltd.
Name

Case number *(if known)*

## Part 2: Additional Page

| | Amount of claim |
|---|---|
| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | |

**3.7** Nonpriority creditor's name and mailing address

Dudley L. Veal, III

9502 Oxted Lane

Spring, TX 77379

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 1,647.64

---

**3.8** Nonpriority creditor's name and mailing address

FLEXcon Company, Inc.

1 FLEXcon Industrial Park

Spencer, MA 01562-2642

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 16,146.97

---

**3.9** Nonpriority creditor's name and mailing address

Graphic Solutions Group, Inc.

P.O. Box 671261

Dallas, TX 75267-1261

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 12,751.52

---

**3.10** Nonpriority creditor's name and mailing address

Hub Trucker, Inc.

315 Freeport Street, Suite B

Houston, TX 77015

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 4,385.00

---

**3.11** Nonpriority creditor's name and mailing address

Janitor's Warehouse

P.O. Box 431809

Houston, TX 77243-1809

Date or dates debt was incurred  _____

Last 4 digits of account number  __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 2,901.51

---

Debtor  Mercury Signs & Display, Ltd.
Name

Case number (*if known*) _____

---

| Part 2: | Additional Page |
|---------|-----------------|

> Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.12** | Nonpriority creditor's name and mailing address

JPMorgan Chase Bank, N.A.

KY1-2514, P.O. Box 33035

Louisville, KY 40232

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim: Credit Card - Line of Credit

Is the claim subject to offset?
☒ No
☐ Yes

$ 8,133.63

---

**3.13** | Nonpriority creditor's name and mailing address

JPMorgan Chase Bank, NA (Small Bus)

P.O. Box 33035

Louisville, KY 40232-9891

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: Credit Card

Is the claim subject to offset?
☒ No
☐ Yes

$ 11,820.00

---

**3.14** | Nonpriority creditor's name and mailing address

K&R Plastics

10808 Hwy. 290 West

Austin, TX 78736

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 37,475.01

---

**3.15** | Nonpriority creditor's name and mailing address

LabelTech Products

2439 Quenby

Houston, TX 77005

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 10,665.71

---

**3.16** | Nonpriority creditor's name and mailing address

Loren D. Stark Company

10750 Rockley Road

Houston, TX 77099

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 2,765.00

---

Debtor  Mercury Signs & Display, Ltd.
        Name

Case number (*if known*) _____

| | |
|---|---|
| **Part 2:** | **Additional Page** |

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.17** | Nonpriority creditor's name and mailing address

Mass Mutual/US Dept of Labor/M. Sallusti

525 S. Griffin Street, Suite 501

Dallas, TX 75202

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed
☐ Liquidated and neither contingent nor disputed

Basis for the claim:  Lawsuit - Consent Judgment re 401(k)

Is the claim subject to offset?
☒ No
☐ Yes

$ 16,473.38

---

**3.18** | Nonpriority creditor's name and mailing address

Panel Processing, Inc.

120 N. Industrial Highway

Alpena, MI 49707

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 23,081.35

---

**3.19** | Nonpriority creditor's name and mailing address

SemaSys

P.O. Box 301275

Dallas, TX 75303-1275

Date or dates debt was incurred _____

Last 4 digits of account number  8  6  5  7

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 4,360.00

---

**3.20** | Nonpriority creditor's name and mailing address

Thomas Print Works/VCI Group

3232 Chimney Rock Road

Houston, TX 77056

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 7,607.36

---

**3.21** | Nonpriority creditor's name and mailing address

Uline

P.O. Box 88741

Chicago, IL 60680-1741

Date or dates debt was incurred _____

Last 4 digits of account number _____

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: _____

Is the claim subject to offset?
☒ No
☐ Yes

$ 9,981.74

---

Debtor **Mercury Signs & Display, Ltd.**
    Name

Case number *(if known)* _____

| Part 2: | Additional Page |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.

**Amount of claim**

---

**3.22** Nonpriority creditor's name and mailing address

Zimmerman, Axelrad, Meyer, Stern & Wise

3040 Post Oak Blvd., Suite 1300

Houston, TX 77056-6560

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed
- ☐ Liquidated and neither contingent nor disputed

Basis for the claim: _____

$ 840.60

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☒ No
- ☐ Yes

---

**3.23** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

---

**3.24** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

---

**3.25** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

---

**3.26** Nonpriority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Basis for the claim: _____

$ _____

Date or dates debt was incurred _____

Last 4 digits of account number __ __ __ __

Is the claim subject to offset?
- ☐ No
- ☐ Yes

---

Debtor  Mercury Signs & Display, Ltd.
Name

Case number (*if known*) _____

| Part 3: | List Others to Be Notified About Unsecured Claims |

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1. Internal Revenue Service - Insolvency II (7,11) <br> 1919 Smith Street, Stop 5025HOU <br> Houston, TX 77002 | Line 2.1 <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.2. Internal Revenue Service - U.S. Attorney <br> 1000 Louisiana Street, Suite 2300 <br> Houston, TX 77002 | Line 2.1 <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.3. Internal Revenue Service - U.S. Atty. General <br> 10th & Constitution, N.W. <br> Washington, DC 20530 | Line 2.1 <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.4. JPMorgan Chase Bank, N.A. <br> 6510 W. Little York Road <br> Houston, TX 77040 | Line 3.12 <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.5. U.S. Dept of Labor/Mass Mutual <br> 525 S. Griffin Street, Suite 900 <br> Dallas, TX 75202 | Line 3.17 <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.6. US Dept of Labor/Mass Mutual/US Atty <br> 1000 Louisiana Street, Suite 2300 <br> Houston, TX 77002 | Line 3.17 <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.7. US Dept of Labor/Mass Mutual/US Atty Gen <br> 10th & Constitution, N.W. <br> Washington, DC 20530 | Line 3.17 <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.8. Thomas Print Works/VCI Group <br> P.O. Box 56264 <br> Houston, TX 77256 | Line 3.20 <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.9. _____ | Line ____ <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.10. _____ | Line ____ <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.11. _____ | Line ____ <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |
| 4.12. _____ | Line ____ <br> ☐ Not listed. Explain _____ | ___ ___ ___ ___ |

Debtor    Mercury Signs & Display, Ltd.                          Case number (if known)
          Name

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.  Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ 313,087.00 |
| 5b. **Total claims from Part 2** | 5b.  **+** | $ 269,431.51 |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 582,518.51 |